## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DAVID BAUER,

      Plaintiff,

      v.

                           Case No: _____

STELLAR RECOVERY, INC.,

      *Defendant*.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, DAVID BAUER, ("**Mr. Bauer**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, STELLAR RECOVERY, INC., ("**Stellar**"), and states as follows:

## PRELIMINARY STATEMENT

1.      This is an action brought by Mr. Bauer against Stellar for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**"), the Florida Consumer Collection Practices Act, section 559.55, Florida Statutes, *et. seq.* ("**FCCPA**"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("**TCPA**"), for statutory damages.

## JURISDICTION AND VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCCPA, section 559.77(1), Florida Statutes, and the TCPA, 47 U.S.C. § 227(b)(3).

3.      Stellar is subject to the provisions of the FDCPA, FCCPA and the TCPA, and is subject to the jurisdiction of this Court pursuant to 28 U.S.C § 1331.  Supplemental jurisdiction arises for state law claims under 28 U.S.C. § 1367.

4.      Venue is proper in the Middle District of Florida because the acts complained of were committed and / or caused by Defendant within the District.  28 U.S.C. §§ 1391(b) and (d).

## PARTIES

5.      Mr. Bauer is a natural person residing Hillsborough County, Florida and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and section 559.55(8), Florida Statutes.

6.      Stellar is a Florida corporation, with a primary business address of 4500 Salisbury Rd., Ste 105, Jacksonville, FL 32216.

7.      The Florida Registered Agent for Stellar is **Brant Abraham Reiter McCormick & Johnson, 50 North Laura Street, Suite 2750, Jacksonville, FL 32202**.

8.      Stellar is a debt collector within the meaning of 15 U.S.C. § 1692a(6) and section 559.55(7), Florida Statutes, in that it regularly attempts to collect consumer debts originally due to another party.

9.      Stellar holds Florida Office of Financial Regulation consumer collection agency license number **CCA9901462.**

## FACTUAL ALLEGATIONS

10.      Sometime on or about January 5, 2013, Stellar began placing non-emergency calls to Mr. Bauer's personal cell phone (813-494-8371) via an Automated Telephone Dialing System ("ATDS") or "autodialer."

11.      Stellar's calls consisted of pre-recorded content and also utilized an artificial voice.

12.     Mr. Bauer is the sole subscriber of this phone number, its owner, and is the "called party" pursuant to the TCPA.

13.     Some of the calls contained a pre-recorded message utilizing an artificial voice stated, "This is an important call for *Jeanine Ashforth*. If you are not *Jeanine Ashforth*, please hang up the phone now.   By continuing to listen to this message, you acknowledge you are *Jeanine Ashforth*.   You should not listen to this message so that other people can hear it, as it contains personal and private information.   There will now be a three second pause in this message to allow you to listen to this message in private.   This is Stellar Recovery Incorporated at 866-613-0234.   This communication is from a debt collector.   This is an attempt to collect a debt and any information obtained will be used for that purpose.   Please contact me about an important business matter at 866-613-0234."   The name "Jeanine Ashforth" was said in a different artificial voice.

14.     In many circumstances, Stellar left pre-recorded messages on Mr. Bauer's voicemail.

15.     During the relevant times, Mr. Bauer's outgoing voicemail message stated, "Hi, this is Dave, you've reached my personal cell phone.  There is no one here other than myself.  If you've got a message for me, please leave it here, and I'll get back as quickly with you as I can, if this is for me; uh, otherwise, please don't leave a message.  Bye."

16.     Some of the calls stated, "This is a call for Jeanine Ashforth.  This is not a sales or marketing call. If this is *Jeanine Ashforth*, please press "1" now.  If this is not *Jeanine Ashforth*, please press "2" now." Again, the name "Jeanine Ashforth" was said in a different artificial voice.

17.     From time to time, when Mr. Bauer answered the calls, he would press "2"; Stellar's computerized system would then disconnect the call.

18.     At no point did Mr. Bauer authorize Jeanine Ashforth ("**Ashforth**") to use his personal cell phone number as a contact number, nor did he provide the number to any third party which would have created "express consent" to be contacted by Stellar via ATDS, nor did any kind of agency agreement exist between Mr. Bauer and Ashforth.

19.     On information and belief, the debts Stellar was attempting to collect on were for the original creditors AT&T and Cox Cable, for consumer services rendered to Ashforth.

20.     Such debts arose from services which were primarily for family, personal or household purposes, and meet the definition of "debt" under 15 U.S.C. §1692a(5) and section 559.55(6), Florida Statutes.

21.     Mr. Bauer has not engaged in any business with AT&T or Cox Cable, nor has he provided his cell phone number to either company, nor has he given express permission for either to call his cell phone.

22.     On or about August 13, 2014, Mr. Bauer called Stellar and demanded to know why Stellar was continuing to call his cell phone.

23.     In the ensuing conversation, Donna Johnson ("**Johnson**"), who identified herself as a manager for Stellar, stated that Stellar was "a collection agency" and "that's what we do" (make repeated phone calls).

24.     Mr. Bauer demanded to know how Stellar obtained his phone number.

25.     Johnson stated that it was "listed as a contact number for Jeanine Ashforth" from an original creditor whom she would not identify.

26.     Mr. Bauer said that he did not give his current cell phone number to Ashforth, so it would be impossible for her to have provided it to any creditor.

27.     Mr. Bauer then stated his belief that it was not legal for Stellar to be calling his cell phone with an ATDS without consent.

28.     Johnson interjected, "in certain states you do (need consent)."

29.     When Mr. Bauer asked, "What about Florida," Johnson did not answer.

30.     Johnson's statement is false as the TCPA, which governs such calls, is a federal law applying throughout the United States.

31.     Mr. Bauer protested that Stellar could have had a live agent call him to inquire as to whether Ashforth could be reached at his number, and Stellar responded that was not their policy to do so, and that until someone tells them it is a wrong number, "We can't verify if it's a right or wrong number."

32.     Mr. Bauer asked Johnson if Stellar does any kind of verification to see if the numbers it has for contacts are valid phone numbers for the intended recipients.

33.     Johnson said Stellar did not.

34.     Mr. Bauer asked, "So you don't make any attempt to verify it (the phone number)? You get a number and just keep calling it until someone says, 'Hey, it's the wrong number'?"

35.     Johnson responded, "Yeah, that's typically what happens."

36.     Further, Johnson stated that simply pressing "2" in response to the autodialer's prompt to press "2" if you are not the person Stellar was calling for did not remove the phone number from the autodialing rotation.

37.     Rather, Johnson stated someone from "customer service" would have to speak to the person receiving the wrong-number calls and verify that they had the wrong party and would make inquiries as to correct contact information for the intended recipient.

38.     Mr. Bauer asked Johnson how Stellar could have gotten his phone number, when he never gave his current cell phone number to Ashforth.

39.     Johnson stated "the only way our system would make an association and obtain your number is if at any point in time Jeanine would have listed you as a contact or as a reference."

40.     A third party providing a number as a "reference" does not constitute express consent of the wireless subscriber to receive automated calls to his cell phone number.

41.     Johnson further stated, "I don't know that it's a wrong number until someone tells me it's a wrong number.  I don't know that it's a cell phone until someone tells me it's a cell phone."

42.     At no point during the nearly two years that Stellar called Mr. Bauer's cellular telephone did Stellar make any attempt to ask Mr. Bauer for location or contact information for Ashforth.

43.     When Mr. Bauer spoke with Johnson, and made it abundantly clear he knew Ashforth, Johnson still did not ask for contact information for Ashforth.

44.     Mr. Bauer, vis-á-vis his outgoing voicemail message, gave express notice to any caller that no one other than he could be reached at his number.

45.     As such, Stellar had no legitimate reason to continue to call Mr. Bauer's cell phone attempting to reach Ashforth.

46.     Despite this, Stellar continued to call frequently.

47.     Mr. Bauer is aware of calls placed to his cell phone on **77** occasions.   **SEE PLAINTIFF'S EXHIBIT A.**

48.     Mr. Bauer believes Stellar placed other calls to his cell phone.

49.     The exact number of calls placed to his cell phone is unknown to Mr. Bauer, but should be known to Stellar and contained in its business records.

50.     Stellar's conversation with Mr. Bauer, calls to his cell phone, and voicemail messages to his cell phone were "communications" as defined by 15 U.S.C. § 1692a(2) and section 559.55(2), Florida Statutes.

51.     Mr. Bauer has hired the aforementioned law firm to represent him in this matter and is obligated to pay its reasonable fees.

## COUNT I
## VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, *et. seq.*

52.     Mr. Bauer adopts and incorporates the above-numbered paragraphs 1 - 51 as if fully stated herein.

53.     Stellar's conduct violated 15 U.S.C. § **1692f** in that it used unfair means to attempt to collect a debt, to wit, autodialing Mr. Bauer's cell phone when it should have reasonably known from his outgoing voicemail message that Ashforth could not be reached at his number, and by using an ATDS to repeatedly dial Mr. Bauer's cell phone, despite Stellar's knowledge that federal law prohibits the use of ATDS equipment without express consent of the cell phone owner.

54.     Stellar's conduct violated 15 U.S.C. § **1692e(5)** in that it Stellar took action which cannot legally be taken, to wit, calling a cell phone via ATDS without express permission.

55.     Stellar's conduct violated 15 U.S.C. § **1692b(3)** in that it communicated with Mr. Bauer nearly 80 times in an apparent attempt to obtain location information, without any good-faith belief that previous answers were incomplete or erroneous, as it failed to ask him any questions whatsoever.

56.     Stellar's conduct violated 15 U.S.C. § **1692b(2)** in that in the August 13, 2014 phone call with Mr. Bauer, Johnson stated that Stellar had been calling for Ashforth repeatedly because it "is a collection agency," thereby divulging that Ashforth owed a debt to an unrelated third party.

57.     Stellar's conduct violated 15 U.S.C. § **1692b(5)** by causing Mr. Bauer's telephone to ring with the intent to annoy, abuse, or harass the person at the called number.

58.     Stellar's conduct renders it liable for the above-stated violations of the FDCPA, and Mr. Rodriguez is thereby entitled to statutory damages not to exceed $1,000.

**WHEREFORE,** Mr. Bauer respectfully requests this Honorable Court enter judgment against Stellar for:

a.   Statutory damages of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.   Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

c.   Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FCCPA- section 559.55, Florida Statutes, *et. seq*.

59.     Mr. Bauer adopts and incorporates the above-numbered paragraphs 1 - 51 as if fully stated herein.

60.     Stellar's conduct violated section **559.72(9)**, Florida Statutes, in that it asserted it had a right to call Mr. Bauer' cell phone via ATDS without his permission, both by virtue of its nearly 80 calls and by virtue of its August 13, 2014 conversation, when no such right existed.

61.     Stellar is liable for the above-stated violation of the FCCPA, and Mr. Bauer is thereby entitled to statutory damages not to exceed $1,000.

**WHEREFORE,** Mr. Bauer respectfully requests this Honorable Court enter judgment against Stellar for:

a.      Statutory damages of $1,000 pursuant to section 559.77(2), Florida Statutes;

b.      Reasonable costs and attorneys' fees pursuant to pursuant to section 559.77(2), Florida Statutes; and,

c.      Such other relief that this Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE TCPA- 47 U.S.C. § 227, *et. seq.*

62.     Mr. Bauer adopts and incorporates the above-numbered paragraphs 1 - 51 as if fully stated herein.

63.     Stellar willfully violated **47 U.S.C. § 227(b)(1)(A)(iii)** when it made at least 77 non-emergency calls to Mr. Bauer's cellular telephone number using an automated dialing mechanism with an artificial voice or prerecorded content without his consent.

64.     As aforementioned, Stellar knew its calls were not permissible and it lacked the requisite express consent because: (1) Mr. Bauer's outgoing voicemail message informed Stellar it had reached a number that did not belong to Ashforth; (2) Mr. Bauer pressed "2" several times in response to Stellar's automated calls to indicate he was not Ashforth; and (3) no

documentation or other information establishing that Mr. Bauer gave express consent for Stellar to call his cell phone exists.

65.    Further, Stellar did nothing to ensure it was reaching the party it intended to call.

66.    Stellar is liable to Mr. Bauer for willfully and knowingly failing to comply with the TCPA.

67.    Stellar is liable to Mr. Bauer for statutory damages of up to $1,500 per call, actual damages, and costs.

68.    Mr. Bauer is entitled to injunctive relief from potential future violations of the TCPA.

**WHEREFORE,** Mr. Bauer respectfully requests this Honorable Court enter judgment against Stellar for:

a.    Statutory damages of $1,500.00 for each willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3) (**$115,500** based solely on calls known to Mr. Bauer);

b.    Injunctive relief enjoining Stellar from further violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A); and,

c.    Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. Bauer hereby demands a jury trial on all issues so triable.

Respectfully submitted this 3rd day of December 2014, by:

  /s/ Christina M. Cowart
Christina Cowart
Florida Bar # 27644
Seraph Legal, P.A.
2002 E. 5th Avenue, Suite 104
Tampa, FL 33605
(813) 567-1230
ccowart@seraphlegal.com
Attorney for David Bauer

# **EXHIBIT A**

## **CALL LOG**

### **813-369-5651**

8/12/2014- 1:30 pm (answered)
8/04/2014- 3:39 pm (answered)
7/24/2014- 2:05 pm (answered)
7/17/2014- 4:52 pm (answered)
7/16/2014- 5:54 pm (answered)
4/22/2014- 10:26 am (missed)
4/20/2014- 1:13 pm (answered)
4/20/2014- 11:29 am (answered)
4/18/2014- 1:43 pm (answered)
4/13/2014- 8:55 am (answered)
4/08/2014- 1:21 pm (answered)
4/06/2014- 9:23 am (answered)
4/05/2014- 9:41 am (answered)
4/04/2014- 10:49 am (answered)
4/03/2014- 09:12 am (answered)
4/02/2014- 12:02 pm (answered)
3/30/2014- 8:50 am (says 3 sec. Maybe live call?)
3/28/2014- 13:49 pm (answered)
3/27/2014- 10:59 am (answered)
3/27/2014- 9:07 am (missed)
3/26/2014- 7:46 pm (answered)
3/25/2014- 7:49 pm (answered)
3/23/2014- 8:29 pm (answered)


4/19/2014- 3:57 pm (answered)
4/18/2014- 6:56 pm (answered)
4/17/2014- 2:28 pm (answered)
4/16/2014- 12:17 pm (answered)
4/13/2014- 11:28 am (answered)
4/09/2014- 11:37 am (answered)
4/08/2014- 6:00 pm (answered)
4/05/2014- 2:40 pm (answered)
4/03/2014- 1:12 pm (answered)
3/29/2014- 9:18 am (answered)
3/28/2014- 4:53 pm (answered)
3/27/2014- 3:31 pm (answered)
3/22/2014- 3:16 pm (answered)
3/15/2014- 4:44 pm (answered)
3/14/2014- 1:33 pm (answered)

3/13/2014- 2:13 pm (answered)
3/12/2014- 9:36 am (answered)
3/11/2014- 2:29 pm (answered)
3/09/2014- 2:04 pm (answered)
3/01/2014- 4:13 pm (answered)


**888-613-0234**

3/07/2013- 12:16 pm (answered)
3/06/2013- 11:33 am (answered)
3/05/2013- 4:34 pm (answered)
3/04/2013- 11:34 pm (answered)
3/01/2013- 4:13 pm (answered)
2/26/2013- 11:13 am (answered)
2/25/2013- 7:00 pm (missed)
2/20/2013- 7:06 pm (answered)
2/19/2013- 10:17 am (answered)
2/13/2013- 12:06 pm (answered)
2/12/2013- 6:03 pm (answered, mostly recorded, even tried pressing '2' but it didn't hear me)
2/02/2013- 10:50 am (answered)
1/30/2013- 3:42 pm (answered)
1/22/2013- 9:31 am (answered)
1/18/2013- 10:05 am (answered, but call cut off after "Hello, I have an important call for:")
1/14/2013- 9:19 am (answered)
1/12/2013- 8:37 am (missed, no VM)
1/11/2013- 9:10 am (answered)
1/08/2013- 5:37pm (VM)
1/07/2013- 9:37 am (VM)
1/05/2013- 8:35 am (VM)
1/04/2013- 11:07 am (answered)
1/03/2013- 6:11 pm (answered)
1/02/2013- 11:10 am (VM)

**813-344-0811**

1/09/2013- 5:27 pm (answered, recorded)
1/16/2013- 4:30 pm (answered, partly recorded)
1/24/2013- 7:07 pm (missed)

**813-369-5651**

3/12/2013- 9:36 am (answered)
3/11/2013- 6:01 pm (answered)
3/09/2013- 2:04 pm (answered)
2/22/2013- 12:48 pm (answered)
2/18/2013- 10:30 am (answered)

2/15/2013- 11:37 am (answered)
2/14/2013- 6:10 pm (missed)
2/09/2013- 6:19 pm (missed; called 2x 2/12 and it just hangs up when you call)
2/05/2013- 2:19 pm (answered)